SCHAVEY *v.* STATE HIGHWAY COMMISSIONER.

1. HIGHWAYS AND STREETS—ASSESSMENTS FOR BENEFITS—BOARD OF REVIEW—COVERT ACT.

Where a road district for the improvement of a public highway petitioned for under the provisions of the Covert act (Act No. 59, Pub. Acts 1915, as amended by Act No. 310, Pub. Acts 1915, and Act No. 125, Pub. Acts 1917) extends

into two or more counties, the appeal provided for in said act (sections 41-52) does not authorize the appointment of a board of review by the probate judge of one county with authority to apportion the benefits of said improvement which shall be binding upon such other county or counties.

2. SAME—LEGISLATIVE QUESTION.
   If review of the action of the State highway commissioner in such cases is desirable, the legislature is the proper body to provide such relief.

Mandamus by William Schavey, James Houston and Bert Lee, county road commissioners of Eaton county, to compel Frank F. Rogers, State highway commissioner, to apportion the benefits of an inter-county highway as determined by the board of review of Eaton county. Submitted February 8, 1921. (Calendar No. 29,526.) Writ denied March 30, 1921.

*Harry H. Partlow*, for plaintiffs.

*Merlin Wiley*, Attorney General (*Leland W. Carr*, of counsel), for defendant.

MOORE, J. This proceeding involves the construction and application of certain provisions of Act No. 59, Pub. Acts 1915 (1 Comp. Laws 1915, § 4671 *et seq.*), as amended by Act No. 310, Pub. Acts 1915, and Act No. 125, Pub. Acts 1917, known as the Covert act. The act provides that when the road district is situated in two or more counties the petition for the improvement shall be presented to the State highway commissioner. A petition was presented to the defendant asking for the improvement of four miles of road on the line between the counties of Ingham and Eaton. The various steps required by the law were taken for the apportionment of benefits among the townships, the counties and the assessment district;

18¼% was apportioned to Ingham county, 23% to Eaton county, 7½% to Delhi township (Ingham county), 8¾% to Lansing township (Ingham county), 8¾% to Delta township (Eaton county), 8¾% to Windsor township (Eaton county), and 25% to the assessment district.

Section 41 of the statute of 1915 (1 Comp. Laws 1915, § 4711) provides the method of an appeal. The county of Eaton sought to avail itself of the right to appeal and made application to the probate court of said county for the appointment of a board of review. This board was appointed and after a hearing made a finding changing the assessment, not only against Eaton county and the townships thereof, but also the assessment against Ingham county and both of the townships in that county. The proportion of the cost of the improvement charged against the assessment district was not changed. The defendant claiming it had no authority to act, paid no attention to the action of the board of review. The plaintiffs ask that a writ of mandamus be issued by this court compelling the defendant to proceed with the apportionment of benefits roll as made and determined by the board of review appointed by the probate court of Eaton county.

Counsel are agreed that two questions may be presented in the instant case:

(1) May the probate court by virtue of the provisions of the statute appoint a board of review that may in cases like the instant case change the assessment made by the highway commissioner?

(2) Could the legislature confer on a board of review appointed in the manner prescribed by the act the right to exercise jurisdiction in another county than the one in which the board of review was appointed?

Counsel for plaintiffs insists that the statute does authorize the proceeding which was taken and that

the order made by the board of review is binding upon all parties, including the defendant. In support of this contention he quotes portions of sections 17, 22, 41, 42 and 44 of the act (1 Comp. Laws 1915, §§ 4687, 4692, 4711, 4712, 4714).

If the contention of the plaintiffs is true we might have the anomalous result that a board of review might be appointed at the same time by the probate judge of Eaton county, and by the probate judge of Ingham county, which boards of review might and probably would reach results that could not be harmonized.

The sections of Act No. 59, Pub. Acts 1915, dealing with the review of assessments are sections 41 to 52, inclusive. These sections are so accessible that there is no occasion to quote them here. We think a careful reading of them will show that they do not authorize the proceeding which was taken by the plaintiffs in the instant case. If a review of the action of the highway commissioner in cases like the present one is desirable, an appeal should be made to the legislature where relief which would take care of the interests of both counties might be enacted.

The writ of mandamus is refused. As the question involved is one of public interest, no costs will be given to either party.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.